UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMUEL T. MIELE, JR.,

                Plaintiff,

          -against-

ENDICOTT PRECISION, INC.,

                Defendant.

_____

Civil Action No. 3:20-CV-1130 (BKS/ML)

**COMPLAINT**

Plaintiff, SAMUEL T. MIELE, JR., by his attorneys BLAU LEONARD LAW GROUP, LLC alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201et. seq. ("FLSA") in connection with ENDICOTT PRECISION, INC.,'s ("ENDICOTT") violation of its statutory obligations to pay Plaintiff overtime wages, as a non-exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times his regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2.      Plaintiff also brings this action under New York's Wage and Hour Laws. ("NYLL") More specifically, Plaintiff asserts that he is entitled to (a) unpaid wages for all hours worked and (b) overtime wages for his work beyond 40 hours per week,

at a rate of 1.5 times his regular rate of pay pursuant to N.Y. Labor Law § 663(1)

and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201et seq., a

Federal Statute.

4.    As to claims under New York State law, this Court has supplemental subject

matter jurisdiction pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a

substantial part of the acts or omissions giving rise to this action occurred in this

District and the Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

6.    ENDICOTT is a domestic corporation created and existing under and by

virtue of the laws of the State of New York, with principal offices and headquarters

located at 1328-30 Campville Road, Endicott, New York 13760.

7.    Plaintiff, SAMUEL T. MIELE, JR, ("EMPLOYEE") is a resident and citizen

of Vestal, New York.

## FACTUAL ALLEGATIONS

8.    ENDICOTT is part of the Architectural and Structural Metals

Manufacturing Industry.

9.    ENDICOTT conducts metal fabrication, stamping, weldments, waterjet

cutting, and CNC machining.

2

10.     ENDICOTT is an enterprise engaged in commerce or in the production of goods for commerce, because, inter alia, it has employees that handle goods and materials that have been produced for and moved in commerce.

11.     ENDICOTT's annual gross volume of business exceeds $500,000.00.

12.     ENDICOTT employed Plaintiff ("EMPLOYEE") as an inside salesman from approximately 1998 to August 2020.

13.     At all times material and relevant herein, ENDICOTT was the employer of EMPLOYEE within the meaning of 29 U.S.C. §§201 et. seq.

14.     At all relevant times, EMPLOYEE was an employee of ENDICOTT within the meaning of meaning of NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations

15.      At all relevant times, ENDICOTT possessed the authority and power to hire or terminate EMPLOYEE.

16.     At all relevant times, ENDICOTT possessed the authority and power to control EMPLOYEE's work schedule and conditions of his employment.

17.      At all relevant times, ENDICOTT possessed the authority and power to determine the rate and method of the payment of wages to EMPLOYEE.

18.      At all relevant times, ENDICOTT possessed the authority and power to determine that EMPLOYEE was not exempt from overtime compensation.

19.     At all relevant times, ENDICOTT possessed the authority and power to determine if its overtime policy applied to the EMPLOYEE.

20.     At all relevant times, ENDICOTT kept and/or had unrestricted access to records regarding the employment of EMPLOYEE.

3

21.     During his employment with ENDICOTT, Plaintiff was required to work five (5) days per week.

22.     Plaintiff was required by ENDICOTT and did regularly work at least 48 hours per week.

23.     At all relevant times, Plaintiff worked in the manner described above and ENDICOTT encouraged, instructed, and required him to work in this manner.

24.     Plaintiff was never paid overtime compensation by ENDICOTT, for all hours worked each week, in excess of 40 hours.

25.     For example, during the period August 2, 2020 to August 8, 2020 worked at least 48 hours and was paid $1,264.00.  Plaintiff's regular rate of pay for that workweek was $1,264.00 / 48 =$26.33 hr.  His overtime rate was 1.5 times his regular rate of pay [30.78 x 1.5 = $39.49]. Plaintiff should have been paid overtime compensation of 8 hrs. x 39.49 =$315.92.

26.     ENDICOTT never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

27.     At all times material and relevant herein, ENDICOTT failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

28.     ENDICOTT intentionally and knowingly treated Plaintiff as exempt under § 213(a) of the FLSA, to circumvent the statute's overtime pay requirements.

29.     ENDICOTT intentionally and knowingly treated Plaintiff as exempt under, NYLL § 661, and NYCRR Tit. 12 §472.2, to circumvent the statute's overtime pay requirements.

30.     ENDICOTT intentionally and knowingly misclassified Plaintiff, as an employee exempt from the overtime pay requirements of the FLSA and NYWHL, despite his regular performance of non-exempt duties.

31.     Plaintiff did not and does not qualify as an exempt employee as defined by the applicable Federal and State regulations.

32.     ENDICOTT'S wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

33.     ENDICOTT'S widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

34.     ENDICOTT'S failure to pay Plaintiff overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

35.     ENDICOTT'S wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the

5

U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

## FIRST CLAIM FOR RELIEF (FLSA)

36.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

37.     ENDICOTT failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

38.     ENDICOTT failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

39.     ENDICOTT'S overtime practices, as described herein, violated the FLSA.

40.     ENDICOTT'S conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

41.     By reason of these unlawful acts, ENDICOTT has deprived Plaintiff of overtime compensation, in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NYLL)

42.     Plaintiff repeats and realleges the preceding paragraphs of the Complaint as if fully set forth herein at length.

43.     ENDICOTT failed to compensate Plaintiff for all hours in a work week in excess of forty (40).

6

44.     ENDICOTT failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

45.     ENDICOTT'S overtime practices, as described herein, violated NYLL, Article 19, §§650 et. seq.

46.     ENDICOTT'S conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

47.     By reason of these unlawful acts, ENDICOTT has deprived Plaintiff of overtime compensation in such amounts as to be determined at trial, together with liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a)     Judgment that ENDICOTT'S practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and attendant regulations at 29 C.F.R. § 516 et. seq.;

(b)     Judgment that ENDICOTT'S practices alleged herein violate N.Y. Labor Law § 650 et. seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et. seq. and New York State common law principles.

(c)     Judgment for unpaid overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. § 516 et. seq.;

(d)     Judgment for unpaid overtime pay to which Plaintiff is lawfully entitled pursuant N.Y. Labor Law § 650 et. seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et. seq. and New York State common law principles;

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 et. seq., in an amount equal to the unpaid overtime pay to which Plaintiff is entitled;

(f)     Judgment for liquidated damages pursuant to N.Y.L.L. Article §§ 190 et. seq., Article 19, §§ 650 et. seq. and 12 N.Y.C.R.R Part 137, to which Plaintiff is entitled.

(g)     Prejudgment interest;

(h)     An order directing ENDICOTT to pay Plaintiff his reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem just and proper.

Dated:     Huntington, New York
           September 16, 2020


                    BLAU, LEONARD LAW GROUP, LLC


                    By: _____
                        Shelly A. Leonard

                    Steven Bennett Blau
                    23 Green Street, Suite 105
                    Huntington, New York 11743
                    (631) 458-1010

                    sleonard@blauleonardlaw.com
                    sblau@blauleonardlaw.com

                    *Attorneys for Plaintiff*

8